**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

SEAN P. SWEENEY, II,

                 **Plaintiff,**

v.                                     **05-CV-702A(Sr)**

D.C. CREDIT SERVICES, INC.,

                 **Defendant.**
_____

## REPORT, RECOMMENDATION AND ORDER

        This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #5.

        Currently before the Court is defendant's motion to dismiss the complaint, which alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, for failure to state a claim upon which relief can be granted.  Dkt. #3.  For the following reasons, it is recommended that defendant's motion be denied.

## BACKGROUND

        On or about March 4, 2005, D.C. Credit Services mailed the following document to plaintiff:

DATE: 3/04/05      RE: HERTZ LOCAL EDITION          PRINCIPAL:   198.88

HHI096 052593-9   CLIREF: A7769071-2              INTEREST:     8.44

ORIG. (IF DIFFRNT):                               OTHER FEE:     .00

                                                  TOTAL DUE:  207.32

* * * THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY

You have ignored our previous requests for payment in full.  As neither payment nor a

valid reason for non-payment has been received, please consider this as formal

demand for payment.  To avoid further collection activity on this accoun[t,] which can be

costly and time consuming, please remit total due today.

For assistance, call (818) 887-5100 or (800) 843-4244.      WE ACCEPT VISA AND

MATERCARD – ACCOUNT # _____ EXP DATE: __/__ AMOUNT $ ____

                                  THIS IS AN ATTEMPT TO

         SWEENEY, SEAN            COLLECT A DEBT ANY

         [ADDRESS]               INFORMATION OBTAINED WILL

         [ADDRESS]               BE USED FOR THAT PURPOSE


Dkt. #9, p.4.   Plaintiff alleges that his contract with Hertz Local Edition "did not

authorize the imposition of additional charges or costs on the account that would be

considered costly by Plaintiff or any other reasonably [sic] person, except in the event

that a lawsuit was filed to collect the debt."  Dkt. #14, ¶ 8.  Upon receiving and reading

this document, plaintiff "became nervous, upset, and suffered from emotional distress."

Dkt. #14, ¶ 9.

## DISCUSSION AND ANALYSIS

### Dismissal Standard

When ruling on a motion to dismiss, the court accepts the material facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff and against the defendants.  *See Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998); *Cohen v. Koenig*, 25 F.3d 1168, 1171-72 (2d Cir. 1994); *Atlantic Mutual Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992).  However, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness.  *Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck*, 463 F.2d 620 (2d Cir. 1972), *cert. denied,* 410 U.S. 944 (1973).

The court is required to read the complaint broadly and with great latitude on a motion to dismiss.  *Yoder v. Orthomolecular Nutr. Inst.*, 751 F.2d 555, 558 (2d Cir.1985).  The court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient."  *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).  The complaint will be dismissed only if "it appears beyond doubt" that the plaintiff can prove no set of facts which would entitle him to relief.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir. 2001).  Stated another way, I must determine whether the plaintiff has stated any valid ground for relief in his complaint.  *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir.1993), *cert. denied*, 513 U.S. 1014 (1994).

**Fair Debt Collection Practices Act**

Congress enacted the  Fair Debt Collection Practices Act "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005), *quoting* 15 U.S.C. § 1692(e).  "To achieve this goal, and to protect the most vulnerable population of debtors from abusive and misleading practices," the Court of Appeals for the Second Circuit has construed the Fair Debt Collection Practices Act "to require that debt collection letters be viewed from the perspective of the least sophisticated consumer."  *Id.* (internal quotation omitted); *see Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).  However, the Court of Appeals observed that "in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness, and that some courts have held that even the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care."  *Id.* (internal quotations and citations omitted).  Thus, the "least sophisticated consumer standard" invokes an objective analysis that seeks to protect "the naive" from abusive practices, while simultaneously shielding debt collectors from liability for "bizarre or idiosyncratic interpretations" of debt collection letters.  *Id.*  The application of the least sophisticated consumer standard to the contents of a collection letter is a question of law.  *See Hairston v. Whitehorn & Delamn*, 97 Civ. 3015, 1998

WL 35112, at *2 (S.D.N.Y. Jan. 30, 1998), *citing Terran v. Kaplan*, 109 F.3d 1428, 1432

(9th Cir. 1997).


**15 U.S.C. § 1692e**

          Plaintiff challenges defendant's demand to remit the amount due in order

"[t]o avoid further collection activity on this account which can be costly and time

consuming" as a false and deceptive threat of litigation not intended to be taken.  Dkt.

#8, p.4.   Plaintiff argues that

> the only possible costly and time consuming collection
> activity that the Defendant could have intended by this
> statement would be litigation and the costs associated with
> that.  However, given the small amount of the debt, Plaintiff
> contends, and expects that after discovery will be able to
> prove, that no litigation had been authorized, nor was any
> seriously contemplated.

Dkt. #8, p.4.  Defendant responds that the language does not indicate or threaten legal

action or litigation.  Dkt. #13, p.3.


          15 U.S.C. § 1692e generally provides that a "debt collector may not use

any false, deceptive, or misleading representation or means in connection with the

collection of any debt."  The Act specifically prohibits a "threat to take any action that

cannot legally be taken or that is not intended to be taken."  15 U.S.C. § 1692e(5).

Thus, threats of legal action where the debt collector has not been authorized to pursue

legal action violate the statute.  *Berger v. Suburban Credit Corp*., No. 04 CV 4006, 2006

WL 2570915, at * (E.D.N.Y. Sept. 5, 2006), *citing Bentley v. Great Lakes Collection

Bureau*, 6 F.3d 60, 62 (2d Cir. 1993).  The Act also prohibits the "use of any false

representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).  A collection notice will be deemed deceptive "when it can be reasonably read to have two or more different meanings, one of which is inaccurate."  *Russell*, 74 F.3d at 35.  In other words, a writing will be found deceptive if "it advances a message that is open to an inaccurate, yet reasonable interpretation by the consumer."  *Id.* at 36.

          In the case of *Bentley*, the Court of Appeals for the Second Circuit found that the collection agency's statement to the debtor that the creditor had instructed the collection agency "to proceed with whatever legal means is necessary to enforce collection," when the creditor had not provided the collection agency with any such authority, falsely implied "that the commencement of legal proceedings was imminent when, in fact, this was not the case," thereby violating 15 U.S.C. § 1692e(5).  6 F.3d at 62.  Similarly, in *Pipiles v. Credit Bureau of Lockport, Inc.,* the Court of Appeals for the Second Circuit found a violation of both 15 U.S.C. § 1692e(5) & (10) where the collection agency conceded that it would proceed no further than to attempt  telephone contact, but informed the debtor that: "This Item Has Already Been Referred For Collection Action;" "We Will At Any Time After 48 Hours Take Action As Necessary And Appropriate To Secure Payment In Full" and "Pay This Amount Now If Action Is To Be Stopped."  886 F.2d 22, 25 (2d Cir. 1989).  In reaching this conclusion, the Court of Appeals reasoned that the "clear import of the language, taken as a whole, is that some type of legal action has already been or is about to be initiated and can be averted from running its course only by payment."  *Id.*

Moreover, in *Tsenes v. Trans-Continental Credit & Collection Corp.*, the district court found that a collection agency's instruction to remit payment in order "to withhold further action" could be construed as a threat to commence legal action and, because the Complaint alleged that the collection agency did not have authority to commence legal action, the district court determined that it stated a claim pursuant to 15 U.S.C. § 1962e(5) & (10).  892 F. Supp. 461, 465 (E.D.N.Y. 1995); *see Berger*, 2006 WL 2570915, at *1 (15 U.S.C. § 1962e(5) violated where collection agency informed the debtor: "If we do not receive the balance of payment by return mail, we shall take whatever steps necessary to pursue collection" even though there was no evidence to suggest that collection agency intended or was authorized to pursue "any steps necessary.").

In contrast, the Court of Appeals for the Second Circuit, in an unpublished opinion affirming Judge Arcara's award of summary judgment to the collection agency, determined that a statement

> that the consumer "may eliminate the possibility of additional costs and make further communication unnecessary by contacting [his] creditor at once," contains no threat whatsoever, false or otherwise.  It merely suggests that the debtor contact the creditor at once in order to avoid possible additional costs.  Even assuming this were a threat, appellant fails to explain why it was unintended or illegal. [The collection agency] has a right to pursue its legal remedies, and, had it done so, appellant may have been subjected to additional costs.  The commencement of a lawsuit regarding a $16 debt, while unlikely, is not – as this case demonstrates – unheard of.

*Goldberg v. Transworld Systems, Inc.*, 164 F.3d 617 (2d Cir. 1998).

In the instant case, the Court concludes that plaintiff's allegation that the only collection activity which could result in the imposition of significant additional costs upon plaintiff was litigation, combined with the absence, at this preliminary stage of the proceeding, of evidence to refute plaintiff's argument that the defendant was not authorized to commence litigation, is sufficient to defeat defendant's motion to dismiss plaintiff's cause of action pursuant to 15 U.S.C. § 1692e(5) & (10).

**15 U.S.C. § 1692f**

Defendant argues that this cause of action must be dismissed because plaintiff's complaint fails to allege that defendant misstated the amount due and owing or attempted to collect an amount of money which was not expressly permitted by contract or law.  Dkt. #13, p.5.   Plaintiff responds that, in the event that the underlying contract between plaintiff and Hertz Local Edition did not permit additional charges to be added to the principal obligation, defendant's statement would violate the statute's prohibition against utilizing unfair or unconscionable means to attempt to collect a debt. Dkt. #8, p.8.

15 U.S.C. § 1692f generally provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  Specifically, the Act prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  While defendant is correct that it's notice did not attempt to collect any amount above the principal

obligation, that does not end the inquiry under 15 U.S.C. § 1692f . If the contract between plaintiff and Hertz Local Edition fails to authorize additional charges to the principal obligation, defendant's statement that further collection activity could be costly would constitute an unfair method of attempting to collect that principal obligation.

## CONCLUSION

Based on the foregoing, it is recommended that defendant's motion (Dkt. #3), to dismiss the complaint be **DENIED**.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to the *pro se* plaintiff.

**SO ORDERED.**

DATED:      Buffalo, New York
            March 14, 2007

                              **S/ H. Kenneth Schroeder, Jr.**
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**